Good morning. You may please the court. My name is James Brussaux and I represent the petitioners Luis Ayala-Osegueda and Sandra Martinez de Ayala and their minor child in this petition. I respectfully reserve three minutes for rebuttal. I hope to discuss this morning first why it was manifestly contrary to law and an abuse of discretion for the finding in this case. And then why the board's invocation and further adoption of a purported failure to corroborate their claim was an error. And finally, why the nexus finding in this case is unsupported by substantial evidence based in large part on the erroneous credibility finding. This case in petitioners view rests on defiance of the statutory mandate of applying the rebuttable presumption on appeal before the board where an explicit adverse credibility determination is not made by an immigration judge. The failure by the board to apply this rebuttable presumption. Justice Breyer Let's get to the facts first. And I've read the transcript and I've read what the immigration judge found. And it seems to me what the immigration judge was finding pretty clearly was that the story about the money and the notes being slipped under the door and the reason for their leaving, which they expressed over the period of time, was credible. And then later the addition of the incident involving the coaching during the testimony and other factors that she focused on. So it seems to me like in any trial, a judge or a jury can believe part of a story, but not the other part. It's not an all or nothing proposition. It doesn't make any sense that way. And the statute doesn't require that. And the regulations don't require it either. It's basically you make a credibility finding and she explained pretty clearly what she believed and acted on that and gave them credit for that. But what she didn't believe looked like it was added as fill later to her. And it was inconsistent and it looked like it was sort of tailored for the particular proceeding. And that caused her to make a credibility, a negative credibility finding on that part of the story. Your argument sort of suggests some mechanical thing. It's all or nothing. But that's not the real world of trials of any kind. And so the question is, can she rely on the credibility story? And she did. And on the part she didn't rely on, she didn't believe she made that credibility finding. And there's a lot in the record to support what she said. Your Honor, respectfully, I do believe that it is maybe not an all or nothing question. That's your argument. You're brief. And I just find it untenable in view of the statute. There are three possible outcomes, either that you are found credible, you are not found credible, or there is ambiguity, which is a failure to explicitly. This is not ambiguity. She was absolutely clear. Part of the story she believed and part of the story she didn't. Now address that. That's the issue. We're not putting a person in a testimony. And the IJ said, I believe this. The person's credible. And I don't believe this add-on that came in years later. That's what she said. Your Honor, in this court in Ilianga, the holder said that to support an adverse credibility determination, it would be proper to cherry pick aspects of the testimony while disregarding the remainder of the record. But in this case, what Your Honor is suggesting is that it would there is no issue where aspects of testimony are parsed out as credible and other aspects are not because that would go to the weight of the testimonial evidence. And then in determining whether the burden of proof has been satisfied, the weight that that credible testimony should be afforded. Because of the statute, that credible testimony alone should be enough to sustain one's burden of proof is to continue to have any meaning practically and legally. Then that credibility determination as a threshold matter needs to mean something. Counsel, it seems, I mean, maybe there's an issue, maybe there's not, that the immigration judge was explicit enough. But where's the authority that you can't say I find certain testimony credible and others, in other parts, not credible? I mean, is there anything that says that? Judge, I would point to your well-reasoned opinion in Wambora. It's not so much authority that directly says that you cannot parse out certain aspects of a testimony. It's more so that if you allow this type of analysis to stand as proper, that other opinions binding precedent of this court would effectively implode. Because in Wambora, this court found that the failure to conclude whether otherwise credible testimony had been given was why the implication of the failure to adequately corroborate was improperly relied upon for the basis of denying that claim. Because there was no otherwise credible testimony, you could not then fault a respondent for failing to provide certain pieces of corroborating evidence. Yeah, I get, I mean, I get the, I'm familiar with Wambora, of course, and I appreciate that issue you've raised here. But I'm not sure Wambora answers this question of can an immigration judge say, yeah, I find the credibility on most of the testimony or some of the testimony, but on others, I don't. I just, I don't think Wambora deals with that. I think it, if it requires corroborating evidence, it may, the statute may require that binding, and that's a separate argument you make. But to me, that's a different issue than we're talking about here. Can I ask one more thing, and I'm sorry to take up so much time, but let me just, on the credibility, let's assume you're right. Hypothetically, you win. It was not explicitly clear, or maybe even you can't do, break it up like this. If there's no absent and adverse credibility finding, you get a presumption of credibility in pursuing the case. And the recent, you know, opinion from the Supreme Court, I think it's in, I may not pronounce this right, Garland v. Ming Dai talks about how even if you are credible, that doesn't mean you're persuasive. So, if, if, assume you win on the credibility issue, you, that doesn't determine, does it, the, whether we dismiss the finding based on the nexus analysis. You're absolutely correct, Your Honor. It would not be dispositive as to the merits of the petitioner's claim here, but I would submit that absent greater clarity with respect to that credibility determination, this court would be unable to resolve the classic factual question of whether or not the nexus was properly sustained. Why not? I mean, your clients could have believed that they were persecuted on account of the breakup of the relationship, you know, of the niece with the gang member. But if there's no evidence in the record besides their subjective belief, you probably don't agree with that. But if that, if the evidence was that way, whether they found the testimony credible or not, there's still, there's still substantial evidence to support the nexus determination, wouldn't there be? Your Honor, that's a question I believe that cannot be resolved without the threshold determination of credibility being explicit. And I, and I just point to the statutory text. So, your client, if you get a, a, a, a, a credibility finding in your favor, that means the judge finds she's not misrepresenting evidence. That means she has a good faith belief for, he and she have a good faith belief for saying this was connected to the relationship. But if then the actual evidence is all that the persecution is related to financial matters, the fact that you have credibility or not doesn't mean that there's anything wrong with that finding. Your Honor, the, there is a conflict between concluding that there is subjectively genuine well-founded fear while also not finding the individual credible. Those two ideas cannot exist at the same time, right? A well-founded fear of persecution requires a subjectively, subjective belief that is objectively reasonable, right? And the subjective belief is what, it's well, you know, documented through jurisprudence that credible testimony is what is required to find somebody subjectively genuine in their belief. But here, the immigration judge found that there was a satisfactory subjective belief, but then went on to not find them completely credible. And the board here erred by not applying that rebuttable presumption of presumption had been properly applied, but the nexus finding may have been different. So if there's a subjective belief that this was on account of the relationship and all the objective evidence suggested otherwise, you think that meets your burden? No, Your Honor. But I would suggest, I would submit that the, that there is no such objective evidence here. And in fact, if the credible testimony is deemed credible, or if the most probative evidence in this case that would corroborate what objective evidence has been provided, and then we could look at whether the lack of the notes... What's the objective evidence that the persecution was on account of the breakup of the niece and the gang member, other than the subjective beliefs that it was? Well, there have been, of course, identified pieces of objective evidence that would have tended to that belief, but that was not offered. And it was not proper to impugn the strength or the weight or the persuasiveness of the respondent's claim based on hypothetical pieces of cooperating information that should have been provided, but were not. Notwithstanding the fact that to parse out pieces of cooperating evidence that should have been provided is an absent, an explicit credibility finding, which is what Juan Boris stands for. This court and others have danced around this issue of whether or not there is propriety in a mixed credibility finding, or if it has to be an all or nothing determination. Sorry, can I just, can I just go back to that question? Because it seems like an important one, and I just want to make sure I got your answer of what evidence connects the persecution to the gang boyfriend breakup. The biological relationship between the male petitioner and his mother, and his mother's statement of her actions leveraging her grand maternal authority to take a quote from Hernandez-Avalos over her granddaughter's actions in preventing her from or what gave rise to the threats of death against the petitioners in this case following the end of that romantic relationship. So what's that, what's the evidence of that? Point me to some testimony or a document or some evidence. Blanca's statement, Blanca being the mother of the male respondent, that was not challenged on the basis of inability to cross examine or parsed out, you know. What'd she say? Tell, oh, I mean, there's testimony that she said I don't want them to, yeah, to, you know, that she disapproved of that. But what's the, what's the evidence that that's the reason for the persecution as opposed to the financial reasons? Your Honor, there can be intertwined multiple reasons, as this court well knows. I agree, but you gotta, you can't just say there's a reason and say it must be connected. There's got to be something in the record that says, other than the fact that they were family members and broke up, that doesn't prove the nexus. You still have to show the nexus. I mean, the family relationship can be the reason for persecution, but just because there's a family issue and there's persecution, you still have to link it up. And we keep asking you how you've linked it up. And I don't, I still haven't heard it. Without the notes that were extorting the petitioner's business, explicitly mentioning the family member's actions in breaking up his romantic relationship, such objective evidence would not exist or could not exist. The courts have been clear in that a respondent seeking asylum need not announce or a persecutor need not announce their primary motivations. It doesn't have to be in the notes themselves. It can be anything, but this was an incident six years before the notes. And there's nothing that seems to suggest that it was in their stories. I think four different times after they left and came to the United States, they never mentioned that incident six years before. They only mentioned the fact that they wanted money. And that seems to me indicative of the opposite direction. I don't know if there's any evidence in a positive way, but I guess the question is, if we accept the credibility, full credibility, we still have to make an analysis to establish the elements of it. Absolutely, Your Honor. I would just point to the fact that in Lomboro, the board discerned adverse credibility from the IJ's findings. And then in the First Circuit's opinion, which has been the properly applied to presumption of credibility. Here, for the first time in my research, you see that there's a tacit concurrence within a mixed credibility finding. This court could certainly dispose of the petitioner's petition on the nexus issue, I believe, if it so chose, on the substantial evidence. But I believe and I submit that the issue here is much larger, and that is the fundamental fairness of hearings, how immigration judges conduct credibility determinations. And then if credible, or applying the presumption of credibility on appeal, the weight that then should be afforded that testimony, which this panel has implied may not have been that strong and may not have been enough to satisfy their burden. But that does not mean that the immigration judge conducted a fair hearing in how she assessed credibility and then how the board doubled down on that mixed credibility finding. We have a judge running a hearing where testimony is being presented. And the petitioner tells two stories that are, the judge says, very credible, I find it credible. But then there's a third story that is totally incredible. Separate story altogether. Now you suggest that the judge then is bound to say, I apply the presumption of credibility to all the testimony? The board judge, is it what you're referring to? Because the presumption of credibility would only apply on administrative appeal. I understand, but it's a practical matter. I mean, we're talking about fact finding. And judges and juries make assessments about I don't believe story three, and here's why, and explains why. And the question you're saying, we have to either treat all the testimonies credible, even though it wasn't all credible, or all incredible. We can't have a judge say, I found two stories credible and one not, if the judge gives a good reason for finding the portion not credible. Marcy, my time has expired. Yes, you can answer that. It's a hypothetical that, Judge, that you just mentioned, it would, of course, require that the respondent was directly confronted with the third aspect of the testimony, which did not occur. I'm talking about a supported statement that the third story was incredible. You're suggesting we're stuck, that the real fact of life, where the judge finds two stories credible and one incredible, cannot exist under the law. That's what you're saying. Your Honor's hypothetical needs to, I need more facts to determine whether or not the explanation was adequate for then relying on the hypothetical that it was. That in that case, if the explanation was adequate and the judge determined that there was not enough to render an adverse credibility determination and was not clear on that point, then the rebuttable presumption of credibility applies on appeal. The statutory language is clear, and I thank the court for consideration of the petitioner's arguments. All right, Ms. Rocha, offer due? Close? Correct, Your Honor. Good morning, Your Honors. May it please the Court. Remy Carrocha. Good morning, Your Honors. May it please the Court. Remy Carrocha, offer due? For the U.S. Attorney General. The Court should deny the petition for review. The immigration judge made a credibility finding. That finding complied with the legal requirement that the agency's considered the totality of the circumstances and found that certain aspects of petitioner's claims were not credible and provided cogent reasons for that finding. The immigration judge also found other aspects of petitioner's testimony credible and sufficiently specified her reasons for the mixed credibility finding, which was supported by substantial evidence. Petitioners have not and cannot establish that the evidence compels a contrary finding. Instead, petitioners, as you've heard, complain of problems with mixed credibility findings generally. What is significant, however, are the specific underlying findings and the presence of evidentiary support for those findings. In reviewing the immigration judge's credibility finding, there is no confusion or lack of clarity concerning why the immigration judge found that petitioners were not credible regarding certain aspects of the claim. The judge determined that petitioners failed to adequately explain the material inconsistencies between their written declaration and their testimony regarding what happened to Guadalupe, their niece or sister-in-law, and her whereabouts. The immigration judge also mentioned petitioner's demeanor and their attempts to coach or influence testimony at the hearing. Although petitioners offer an explanation that it was perhaps a mistake, the judge declined to credit their entire story about the niece. In their opening brief, petitioners offer varying explanations for their credibility problems. However, because they did not present those explanations to the board, they failed to exhaust their administrative remedies and the court cannot review them. The immigration judge, moving along to the credible. On that basis, the judge considered the merits of petitioner's applications and determined that petitioners did not establish a nexus between their experiences in El Salvador on a protected ground. Substantial evidence supports that decision. Given petitioner's testimony that the gang members who threatened them were unidentified, they did not mention their niece or sister-in-law during any of the encounters, and the timing of the threats coincided with the opening of petitioner's business. And they stated also that it was common practice in the area for gangs to extort business owners. And the timing is very crucial here because petitioners were never threatened or harassed by the gang until a few months after they opened their business. The female petitioner's testimony is particularly pertinent here because she actually said that her mother-in-law had been extorted for a long time, for a long period of time, even before her niece or the sister-in-law started dating the gang leader. She also made a statement that the gang was extorting them, extorting the mother-in-law because the gangs knew that they were in the United States and that they had the funds. Counsel, can I ask you a question? Hypothetically assume that the immigration judge was not corroborating with one borough. How do those two things relate to the nexus determination? More specifically, if the judge hypothetically erred and the BIA affirmed that, does that mean the nexus determination a suspect or can the nexus determination be a basis for dismissing the petition even if those other two things were erroneous? Yes, Your Honor, the nexus determination stands on its own based on the credible aspects of petitioners' claim. That is what the judge believed. The judge believed that petitioners were, that the male petitioner was beaten and he suffered injuries. On that basis, the judge made a nexus determination and decided that the beating was not related to the niece, but that it was basically based on criminality in that country. But going back to the issue of the adverse credibility, Ming Dai is a very important case here. The Supreme Court's decision reiterated the longstanding rule that the agency enjoys extraordinary discretion in making the difficult determinations of how much credibility, weight, and persuasiveness to afford different parts of the record in reaching factual conclusions. As in Ming Dai, perhaps the immigration judge and the board could have provided more detail in this case and explained their conclusions more thoroughly. But the more important issue is that the immigration judge and the board pointed to highly probative evidence of petitioners' lack of credibility. And under Ming Dai, that is enough. In Ming Dai, the Supreme Court specifically stated that we uphold even a decision of less than ideal clarity if the agency's path may reasonably be discerned. In this case, the agency's path could be reasonably discerned. The immigration judge specifically stated that she was making a mixed credibility finding, and that is on page 61 of the joint appendix. The court makes a mixed finding on credibility here today and stated that the court was mindful about the issues concerning Guadalupe, that is the niece or the sister-in-law. And the judge specifically stated that she did not believe the affidavit which stated that Guadalupe disappeared and she may have been taken away by the gang when they testified that Guadalupe left for the United States willingly. And she had been living here. They had interacted with her. And more importantly, looking at the asylum application and the male petitioners' credible fair hearing, they never mentioned this particular, this central issue in any of those documents. It was not until later on in that affidavit that they brought up the Guadalupe issue, which the immigration judge correctly found was made to bolster their claims. And when asked about the affidavit during the hearing, petitioners said, well, maybe it was a mistake. And their counsel didn't ask follow-up questions. The immigration judge asked questions about it and they were not able to articulate a reason for the discrepancy until later in their appeal to, in their brief to this court, which as I said earlier... And the immigration judge didn't just note discrepancies or point out, I think in some of the cases we faulted them for just saying they have serious doubts but not clarifying whether they believe something or not. And here the IJ said, petitioners have perpetuated a kind of as clear as you can be about saying this specific issue, I find not, I don't find them credible on this topic, even though I might find them credible on others. And so issue of mixed ruling. Certainly clearer than what Ming Dai actually suggests that courts should follow. And then looking onto page 62, JA62, the immigration judge then after speaking about this affidavit and the problems in the affidavit, said the court will decline to make a completely adverse credibility finding in this case. And then went on to discuss the facts and the issues that the judge found credible. Thus making it clear and making a distinction between the incredible aspects of petitioner's testimony and the credible aspects of petitioner's testimony. So there is no ambiguity in this case whatsoever about what the immigration judge was doing. And the board actually also accepted that there was a mixed credibility finding in this case and the judge pointed out in detail, the board pointed out in detail, why the immigration judge made a mixed credibility finding. The board reiterated the judge's concern about the affidavits in which petitioners embellished the issue regarding Guadalupe, which the immigration judge did not credit at all. And on that basis, again, citing Ming Dai, that is enough, more than enough evidence to make an adverse credibility determination in this case. And also to show that an explicit credibility determination, be it credible or non-credible, was made in this case. Finally, so regarding the nexus issue, because the immigration judge did not credit the Guadalupe issue, the judge stated that, found that petitioner was beaten up, the male petitioner, and on that basis looked at the facts and decided that there was no nexus to a protected ground. Petitioner's central claim about their family ties was the Guadalupe issue, which the judge did not credit at all. And so there was nothing left other than to ascribe it to criminality. Petitioners did not provide anything. And as to corroboration, that issue is a non-starter, Your Honors, because that was mere icing on the cake by the judge, just talking about what could have been presented to make their claims, to bolster their claims. And finally, talking about future persecution, petitioners waved to that particular issue completely. And that's very important. Okay, even if you suffered past persecution or for some reason, you know, the court determines that if found it, petitioners never argued about their future persecution claim, which is very important. And they waved that claim. And so, Your Honors, this case is pretty clear as to the credibility determinations. And if there are no further questions, the government will rest on their briefs. All right. Thank you very much. Thank you very much, Your Honors. So you have some rebuttal. Thank you, Your Honor. First, if past persecution was established, there's a rebuttable presumption of a well-founded fear of future persecution that's applied pursuant to the regulation. So well-founded fear of future persecution need not be independently asserted in order to benefit from the presumption. Secondly, nexus is the classic factual question, of course, as this court has repeatedly held. And such a question is an opposite to a, quote, mixed, close quote, credibility finding, because such a finding only serves to equivocate, not clarify, the substantial evidence that would then be needed for this court to uphold an agency's answer to that classical factual question, and foreseeably in all future cases, based on this panel's decision today. I would also submit that under the doctrine of Skidmore Deference, this single-member agency's opinion, based on Melina Diaz as well as Wimbora, shows an inconsistency of previous agency pronouncements, and thus the lack of a power to persuade. And I would argue or submit that in light of that, Skidmore Deference should not be does not, cannot be reconciled with the term mixed, insofar as the credibility determination is concerned. And of course, if this panel disagrees, they will certainly let me know about it, but I do not believe that it can be upheld that immigration judges can haphazardly impugn testimony while failing to ultimately determine whether testimony is credible or not credible. Ming Dai also deals with the weight afforded to that testimony, and whether or not that's sufficient, and the path to finding substantial evidence can be discerned from that weight. But the statute is clear, you know, 8 U.S.C. 1158 B1 B2, that in determining whether the applicant has met their burden, the trier of fact may weigh the credible testimony, along with other evidence in the record. And so, if the testimony is not credible, well then that statute does not apply, and if that statute does not apply, then neither does Ming Dai. Thank you. All right, thank you. We'll come down and greet counsel, as is our custom, and then take a short recess.
judges: Paul V. Niemeyer, A. Marvin Quattlebaum Jr., Allison J. Rushing